**Wilber O. MORENO–AGUILAR, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 01–70485.

I & NS No. A75–250–299.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2002.

Decided March 21, 2002.

---

Before GOODWIN, REINHARDT, and FERNANDEZ, Circuit Judges.

MEMORANDUM*

Wilber A. Moreno–Aguilar petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his request for political asylum. A native of Guatemala, Moreno–Aguilar entered the United States without inspection in August of 1995. He applied for asylum because of his alleged fear of political persecution if he returned to Guatemala.

■ At his deportation hearing, Moreno–Aguilar testified to three incidents that occurred involving Guatemalan soldiers. In the first incident, government soldiers forced Moreno–Aguilar's father to accompany them in their search for guerillas. The soldiers threatened and kicked Moreno–Aguilar's father in order to secure his assistance. In the second incident, men dressed in black (allegedly government soldiers) accused Antonio Mendez (a friend of Moreno's) of being a guerilla and forced Mr. Mendez and four of his friends into a car. Mr. Mendez's body, which had been burned, was later found by the side of the road. In the third incident, the men in black kidnaped another of Moreno–Aguilar's friends, one Santoa Algaredo. Moreno–Aguilar believed that the abductors were government soldiers "because there's no one else going around killing people, only the government."

Moreno–Aguilar resided in Guatemala for nine months following the described suffering of his father and friends, and

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

nothing significant happened to him during that time. Moreno–Aguilar's family, including his mother and siblings, continue to reside in Guatemala.

The IJ denied Moreno–Aguilar's application for asylum and witholding of deportation, concluding that Moreno–Aguilar failed to establish that he was persecuted, or that he had a well-founded fear of persecution, on account of a protected ground. Regarding the first incident, the IJ concluded that the soldiers had mistreated Moreno–Aguilar's father in order to force him to help them in finding guerillas. The IJ found no connection between this conduct and any interest in Moreno–Aguilar personally.

Regarding the second and third incidents, the IJ found that Moreno–Aguilar had no evidence of the true identity of the abductors, and that Moreno–Aguilar had not demonstrated that the abductors had any interest in him whatsoever. Generalized fear in the community caused by violence and the inability of the government to protect its citizens was well documented during the time when the Petitioner left Guatemala, but he produced no evidence that his fear was based on any objective evidence of persecution directed at him.

The BIA affirmed the IJ's decision. In a one paragraph decision, the BIA stated: "we find that the decision of the Immigration Judge is correct, and, accordingly, it is affirmed for the reasons set out in the decision below."

We have jurisdiction pursuant to 8 U.S.C. § 1105(a), as modified by the transitional rules for judicial review contained in section 309(c)(4)(A) of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") of 1996, since these proceedings began prior to April 1, 1997. *See Kalaw v. INS*, 133 F.3d 1147 (9th Cir.1997) (discussing the court's jurisdiction to review decisions by the Attorney General under section 309(c)(4) of the IIRIRA).

This Court's review of a determination of ineligibility for asylum is normally limited to the decision of the BIA. *See Acewicz v. INS*, 984 F.2d 1056, 1059 (9th Cir.1993). However, in cases where the BIA affirmatively adopts the IJ's reasoning this Court reviews the decision of the IJ. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1150 (9th Cir.1999); *Alaelua v. INS*, 45 F.3d 1379, 1381–82 (9th Cir.1995). The BIA's determination must be upheld if supported by substantial evidence. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996). In other words, the BIA's determination can be reversed only if the evidence presented by Moreno–Aguilar "was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Elias–Zacarias*, 502 U.S. at 481.

Moreno–Aguilar argues that the record demonstrates that he "has a reasonable and well-founded fear of persecution on the basis of an imputed political opinion." In support of his argument, Moreno–Aguilar testified that he had friends in his village that were murdered by government soldiers. In his brief, Moreno–Aguilar contends that the soldiers who killed his friends "were motivated by a political opinion which they imputed to [Moreno–Aguilar's friends] based on the guerilla activities in the area." Moreno–Aguilar argues that, because he was similarly situated to his murdered friends, he has a well-founded fear of persecution on the basis of an imputed political opinion.

In *Sangha v. INS*, 103 F.3d 1482 (9th Cir.1997) we held that "[t]o establish an imputed political opinion, the applicant must show that his persecutors actually imputed a political opinion to him." *San-*

*gha*, 103 F.3d at 1489 (9th Cir.1997). We recognized that imputed political opinion has been sufficiently demonstrated where the victim of violence has publicly expressed political views which could easily have been known to his persecutors; or where the victim is a member of a large politically active family, many of whose members have been persecuted for their political beliefs. *See Sangha*, 103 F.3d at 1489.

The only evidence pointed to by Moreno–Aguilar supporting his contention appears to be the abduction and murder of his friends by the men in black. Assuming that Moreno–Aguilar's friends were murdered by government soldiers or government tolerated "civil patrols" on the basis of political opinion or imputed political opinion, the mere fact that Moreno–Aguilar might have been known by others to be associated with his friends does not compel the conclusion that government soldiers attributed a political opinion to Moreno–Aguilar. Moreno–Aguilar failed to produce any proof that the government soldiers had any interest in him, let alone that they attributed a political opinion to him.

In sum, Moreno–Aguilar fails to demonstrate that government soldiers attributed a political opinion to him, and he therefore fails to demonstrate that he has a well-founded fear of persecution *on account of* an imputed political opinion.[1]

PETITION DENIED.

---

1. Because Moreno did not meet the requirements for eligibility for asylum, he was not entitled to withholding of deportation either.

*See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).